*Rodes, for appellant.*

*J. E. Haswell, Dulaney, for appellee.*

---

## LEON I. BERGS & CO. *v.* T. J. HAGGARD.

**Estoppel—Shifting, Position.**

> Where a defendant has set up a verified plea of non est factum in an action on a note, he can not, in a subsequent suit involving the same transaction (after plaintiff, because of such plea dismisses his action) take a position contrary to the allegations of the plea.

APPEAL FROM CLARK CIRCUIT COURT.

January 24, 1873.

OPINION BY JUDGE LINDSAY:

The firm of Bruner & Haggard being indebted by note to appellants in the sum of $838.98, due September 5, 1860, on the 5th of March, 1861, paid thereon the sum of $338.98 and Bruner executed the firm note for the further sum of $500, due in thirty days, appellants agreeing to surrender the original note.

In April, 1867, suit was brought on the $500 note. The appellee, Haggard, defended this suit upon the ground that prior to the exe-

cution of the note, the partnership between Bruner and himself had been dissolved and all the effects turned over to Bruner, who in consideration thereof had agreed to pay all the firm debts, which facts were known to all their creditors prior to the execution of the note, and that the same was not his act and deed. A trial was had upon the issue raised by this answer and the party failing to agree, appellants dismissed that action, and brought this suit on the original note for $838.98.

Haggard answered, alleging that long before the institution of this suit the note sued on was paid by the payment of $838.98 and the acceptance by appellants of the note of A. I. Bruner for $500 in discharge and full settlement thereof.

Upon the trial he introduced Bruner, who proved that he made the payment of $838.98 in money, and executed and delivered to appellants the note for five hundred dollars; that they accepted it in discharge of the note sued on, and promised to send said last named note to him; and he also proved that the firm of Bruner & Haggard had not been dissolved. The record of the suit on the note for five hundred dollars was offered as evidence by appellant and permitted to go to the jury.

Appellee's own evidence shows that the defense relied upon by him in the first suit was wholly unfounded, that in point of fact the firm did exist when the five hundred dollar note was executed, and that it was legally binding upon him.

Yet by his sworn plea of *non est factum* he induced the appellants to abandon that suit, and resort to the present action, as they had the right to do in case such plea was true; and as appellee had sworn to its truth they had a right to accept it as true, and act upon it; and upon the plainest principles of equity and fair dealing, he is estopped from relying upon a defense in this action inconsistent with his said plea of *non est factum* in the first suit.

"Admissions, whether of law or of fact, which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced. It makes no difference in the operation of this principle whether the thing admitted be true or false, it being the fact that it has been acted upon that renders it conclusive."

Herman's Law of Estoppel, Sec. 323. It must be taken as true as against Haggard for the purposes of this action that the firm had

been dissolved when Bruner executed the $500 note, and hence that he acted without authority and did not bind Haggard by his acts.

Assuming this to be true, the execution of that note did not merge the liability existing as against appellee by reason of the balance then due on the note first executed and here sued on, he having solemnly repudiated the $500 note before this action was commenced. *Brozee v. Poyntz*, 3 B. Monroe 178; *Calk v. Orear*, 2 B. Monroe 420. Upon the facts presented by the record appellants were entitled to recover.

The court erred in giving the instruction asked by appellee and in refusing Instruction No. 1 asked by appellants.

Judgment reversed and cause remanded for a new trial upon principles consistent with this opinion.

*Tucker, Mulligan, for appellant.*

*Buckner, for appellee.*